STATE OF MAINE                    SUPERIOR   COURT
PISCATAQUIS, SS.                  DOCKET NO 09-038


MARK A. MEECH


v.                                ORDER


STATE OF MAINE


Hearing was held on this Post Conviction Relief Petition on March 21, 2011. The petitioner was present and represented by counsel, Dale Thistle, Esq., while the State was represented by counsel, Susan Pope, Esq. This is an ineffective assistance of counsel claim related to trial counsel's performance during defendant's July 16, 2011 trial on the charges of reckless conduct and terrorizing.

At the hearing on the petition, Petitioner's counsel clarified the claim that is the subject of this hearing, asserting that trial counsel was ineffective in not bringing the claim of improper juror contact to the trial judge's attention during the trial. Failing to do so, he argues, prejudiced the defendant who was denied the most meaningful opportunity to have the claim investigated, that of having the Court interview the jurors at the time of the allegation.  For a claim of ineffective assistance to succeed, the Petitioner must first establish that the attorney's performance "fell below that of an ordinary fallible attorney." *Aldus v. State*, 2000 ME 47, ¶15, 748 A.2d 463, 468. Additionally, the petitioner must demonstrate that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 748 L. Ed. 674 (1984).

Specifically, Petitioner asserts that during the trial that resulted in his conviction, he and his sister saw Ms. Janet Ronco, a victim of a prior burglary of which Mr. Meech had already been convicted, speaking with two female jurors who had been selected in this case. He asserts that the communication took place during the lunch break, prior to jury deliberation, and that it lasted for from five to ten minutes. He maintains that he reported this to trial counsel who refused to bring the alleged contact to the trial judge's attention. Trial counsel mentioned the contact to the Court only during the sentencing that occurred later, and after Ms. Ronco had advocated at the sentencing that the Court impose a lengthy sentence.

Prior to the hearing on the Petition, the Court ruled that respective counsel could contact female jurors in order to investigate the validity of the allegations of improper juror contact. The Court authorized this process to regulate who would be contacting the jurors and to avoid requiring that the jurors appear in court and be sworn in and questioned as if one or more of them had done something wrong. At the same time, the process afforded the defendant a fair opportunity to investigate the claim. There were five female jurors who were part of the fourteen selected, but only three of them deliberated, and there was no evidence offered at hearing from any of them.[1]

To decide this issue properly, the Court must examine the testimony concerning the allegations carefully. The testimony of the defendant and his sister was consistent

---

[1] At hearing, petitioner's counsel said that he had not yet been able to contact one of the female jurors, who had indicated she would return his call, but had failed to do so. He requested that the Court keep the record open so that he could speak with the juror. The Order that permitted contact did not, of course, require that any juror make herself accessible or speak with the attorneys, but only granted the opportunity to the lawyer. Assuming that defense counsel spoke with all or most of the others, yet has not presented any information to the Court that confirms the allegations, the Court is doubtful that contact with this remaining juror would produce information helpful to the defendant. If two jurors allegedly spoke with Ms. Ronco, it would appear that defense counsel would have produced juror support for his contention, if it existed. The Court is not keeping the record open.

with the exception of who initially saw the alleged contact. Defendant testified that his sister brought it to his attention while his sister testified that the defendant brought the contact to her attention. Trial counsel, Mr. Day testified that after lunch during this one-day trial, either his client or his client's sister told him that while driving by, he/she saw a juror talking with Ms. Ronco. They were unable to provide additional details and Mr. Day testified that he didn't report the incident to the Court. When he became aware at sentencing of Ms. Ronco's strong desire that his client served a stiff sentence, he then brought the claim to the Court's attention. He also testified that if he had been provided his client's version of the events that was presented at hearing, he would like to think that he would have reported it then. Ms. Ronco testified at hearing on the Petition that she knew none of the jurors and had no contact with them during the trial. Ms. Donovan, the victim of these offenses, corroborated Ms. Ronco's testimony by indicating that she, her future husband, and two children accompanied Ms. Ronco for lunch on the day of the trial and that Ms. Ronco had no contact with any jurors.

Applying the appropriate ineffective assistance of counsel standard to these facts, the Court Denies the petition because the plaintiff has failed to demonstrate prejudice. To prove prejudice, the petitioner would have to demonstrate that trial counsel's performance likely affected the outcome of the trial. *Whitmore v. State*, 670 A.2d 394, 396 (Me. 1996). As applied to his case Petitioner would have to demonstrate that the outcome of the trial could have been different had there been no contact between Ms. Ronco and two jurors. This presupposes the existence of the contact, which Petitioner has failed to prove. It is telling that the version of events that the Petitioner and his sister gave to Mr. Day, describing that they drove by and saw Ms. Ronco having contact with one juror, is different from their testimony at trial, that they observed contact with two jurors for several minutes. Additionally, Ms. Ronco and Ms. Donovan

deny that contact took place and interviews with jurors have apparently produced no corroboration.

Because the Court is deciding the Petition on this basis, it is not addressing the ineffectiveness claim against trial counsel. It is always the best practice, however, to bring any information concerning juror conduct to the Court's attention to enable the Court to appraise the information and conduct the analysis of whether to interview jurors.

The Entry Is: Petition Denied.

The Clerk is directed to incorporate this Order into the docket by reference.

Dated: April 13, 2011

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT